JUDGE BATTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV 11044**

-----------------------------------------------------------------x

MICHAEL R. SCHIRRIPA, Individually and   :  No.
on Behalf and All Others Similarly Situated,

                      :  **CLASS ACTION COMPLAINT**

        Plaintiff,        :

                      :

        vs.              :  JURY TRIAL DEMANDED

                      :

CELLCO PARTNERSHIP, A Delaware General  :
Partnership d/b/a/ VERIZON WIRELESS,

                      :

        Defendant.      :

-----------------------------------------------------------------x



RECEIVED
DEC 0 5 2007
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff, Michael R. Schirripa, individually and on behalf of all others similarly situated,

by his attorneys, Schoengold Sporn Laitman & Lometti, P.C., all to the best of his knowledge,

information and belief formed after an investigation reasonable under the circumstances,

including a review of Defendants' public documents, applicable statutes, rules and regulations,

communications by Defendants, and news articles and information readily obtainable on the

Internet, which facts are likely to have evidentiary support after a reasonable opportunity for

further investigation and discovery, except for information identified herein based on personal

knowledge, for his class action complaint alleges as follows:

## I.

## INTRODUCTION

    1.     Verizon Wireless ("Verizon") is a major cellular phone hardware/service

provider.[1]   Verizon has wrongfully and unfairly deceived its customers by advertising and

selling the expensive BlackBerry 8830 Smartphone (hereinafter the "BlackBerry 8830" or

---

[1]    Verizon is the d/b/a name for CellCo Partnership. Hereinafter, "Verizon" shall refer to
Verizon and CellCo Partnership interchangeably.

"8830") with the express and implied promise that these phones were original and unaltered and had a built-in Global Positioning System (hereinafter "GPS"), with its navigation and tracking capabilities, while having had no intention of selling the BlackBerry 8830 with GPS.   Instead, prior to selling the BlackBerry 8830 to its customers Verizon intentionally altered and disabled the 8830's native GPS so that the BlackBerry 8830 could not provide GPS navigation and tracking.   GPS navigation and tracking are inherent features of the 8830 as manufactured by BlackBerry.   The GPS on the BlackBerry 8830 in its unaltered original and native state is capable of being used in conjunction with BlackBerry Maps (which is provided with the 8830 as part of the purchase price) or many free third-party programs such as Google Maps.

2.      Verizon advertised and continues to advertise the BlackBerry 8830 as a new unaltered, original brand name BlackBerry 8830.   Verizon and BlackBerry promoted the BlackBerry 8830 as a phone with native, built-in GPS and other fully functional BlackBerry features, such as BlackBerry Maps.   The representations of Verizon were false in that Verizon provided its customers with BlackBerry 8830s without GPS due to the fact that Verizon disabled the GPS prior to sale, thus altering the product. Verizon never informed its customers that the products it was selling to them were not in original condition but were in fact altered in the manner described herein.

3.      After months of false and misleading advertising promotion and fraudulent sales, Verizon has not offered to partially restore the Blackbery 8830.   However, Verizon only allows its customers GPS navigation and tracking if they subscribe to Verizon's proprietary service package.   Verizon charges $240 over the term of the standard customer contract for its new proprietary GPS navigation and tracking service. In short, Verizon's conduct, as set forth herein, was part and parcel of the wireless carrier's scheme to lure customers into buying the BlackBerry

2

8830 device that featured the latest mobile phone/PDA technology, including built-in GPS. Once purchased, the customer was left with a mobile phone/PDA device that was substandard, altered and substantially and materially different from what was represented. Then, in order to use the BlackBerry 8830, Verizon forced its customers to subscribe to its own fee-based GPS system and prohibited customers from subscribing to other less expensive or free services.

4.      Verizon actively concealed its deception through misinformation by leaving GPS on the BlackBerry 8830 options menu and in User Guides accompanying the phones.

5.      Verizon uniformly disseminated its misrepresentations and concealed that it altered and tampered with the BlackBerry 8830 prior to sale. Therefore, Class members received uniform materially false and misleading statements and/or omissions of material facts regarding BlackBerry 8830 Smartphones.

6.      Verizon's conduct, as alleged herein, violated the New York Consumer Protection Laws, General Business Law ("GBL") §349, which prohibits unfair and deceptive business practices, New York Uniform Commercial Code §§ 2-313 and 2-314, breached both express and implied warranties, and constituted false and misleading advertising. Plaintiff therefore brings this class action for injunctive relief and to recover damages and fees and costs, as well as restitution and other equitable relief from Verizon as a result of its illegal scheme.

## II.

## JURISDICTION AND VENUE

7.      The claims asserted herein involve violations the New York General Business Law §349, which prohibits misleading and deceptive acts and practices, New York Uniform

Commercial Code §§ 2-313 and 2-314, common law breaches of contract, fraud, unjust enrichment and negligent misrepresentation.

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d) (diversity).  Plaintiff is citizen of New York, other members of the proposed Class, numbering thousands, are citizens of states different from any of the Defendants. Therefore, minimal diversity of the opposing parties is present. *See* 28 U.S.C. §§ 1332(d)(2)(A) and 1332(d)(5)(A).  Additionally, the matter in controversy exceeds the sum of $5,000,000, exclusive of interests and costs.  See 28 U.S.C. § 1332(d)(2).

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).  Defendants maintain a substantial presence in this district.  Defendants have numerous offices throughout this District.  Further, as substantial part of the act and conduct charged herein, including the promotion, use, sale, marketing and/or distribution of the phone ands services at issue, occurred in this District, as did the issuance of materially false and misleading representations.  Plaintiff and numerous Class members purchased one or more BlackBerry 8830s from Verizon in this venue and were thereby injured and subjected to reparable harm in this venue. Verizon received substantial compensation and profits from sales of such products in this venue.  Thus, Verizon's liability arose in substantial part in this District, Plaintiff and numerous Class members used the phones substantially or primarily in this District.  Verizon is also registered to do business, and in fact does substantial business, in this District.

### III.

### PARTIES

10.      Plaintiff Michael R. Schirripa resides in the State of New York, County of

4

Richmond.    Plaintiff purchased a BlackBerry 8830 through an authorized Verizon retail store. Plaintiff, relied to his detriment, on Verizon's misrepresentations when purchasing his BlackBerry 8830.  Plaintiff fell victim to Verizon's false and deceptive business practices and has been damaged as a result thereof.

11.    Defendant CellCo Partnership, is a Delaware General Partnership, with its principal place of business located at 180 Washington Valley Road, Bedminster, New Jersey, 07921, does business as Verizon Wireless ("Verizon") and is the number two U.S. wireless phone operator serving nearly 61 million customers nationwide.  Verizon offers mobile voice services, including push-to-talk ("PTT") walkie-talkie style service.  Other service offerings include text and picture messaging, multimedia content (*i.e.*, V CAST), and mobile Web services.  Verizon began operations in 2000 when Bell Atlantic and Vodafone combined their U.S. wireless assets, including their PrimeCo partnership.  Verizon gained GTE's U.S. wireless operations when Bell Atlantic bought GTE to form Verizon Communications, which owns 55% of the company; Vodafone owns 45%.

12.    At all relevant times, Verizon was engaged in the business of distributing marketing and/or selling cellular hardware and service in New York and in all 50 states under the d/b/a of "Verizon Wireless."  Verizon is authorized to do and, in fact, does business in the State of New York.

13.    Whenever this Complaint refers to any act or acts of Verizon, the reference shall so be deemed to mean that the directors, officers, employees, affiliates, or agents of the responsible defendant authorized such act while actively engaged in the management, direction or control of the affairs of defendants, and each of them, and/or by persons who are the parents or alter egos of defendants while acting within the scope of their agency, affiliation, or

5

employment whenever this Complaint refers to any act of defendants or Verizon, the reference shall be deemed to be the act of each defendant, jointly and severally.

## IV.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of a class, consisting of all persons who purchased one or more BlackBerry 8830 Smartphones from Verizon Wireless and/or its authorized retailers. Excluded from the Class is Defendant, its officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which the Defendants have or had a controlling interest. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are many thousands of Class members. Class members may be identified from records maintained by Defendant.

15.     Plaintiff's claims are typical of the claims of the Class, as all Class members were and are similarly affected by Defendant's wrongful conduct in violating state consumer protection statutes and the common laws that are complained of herein. Plaintiff purchased a BlackBerry 8830 Smartphone from Verizon. Plaintiffs and the other Class members have sustained monetary damages resulting from Defendant's deceitful and improper practices.

6

16.    Plaintiffs will fairly and adequately represent and protect the interests of the other Class members and have retained counsel competent and experienced in class action litigation.

17.    Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to the Class are:

(a)    Whether Verizon should be enjoined and required to make appropriate disclosures of the existence and consequences of having tampered with and altered the BlackBerry 8830 Smartphone by disabling the GPS;

(b)    Whether Verizon misrepresented and/or concealed that the BlackBerry 8830 Smartphones they advertised, distributed and/or sold had the GPS disabled and the manner in which they were disabled;

(c)    Whether Verizon represented that the BlackBerry 8830 Smartphones had characteristics uses and/or benefits which they did not have;

(d)    Whether Verizon represented that the BlackBerry 8830 Smartphones it advertised, distributed and/or sold were new, brand-name BlackBerry 8830s and in original condition when, in fact, they had been altered;

(e)    Whether Verizon inserted an unconscionable provision in its BlackBerry 8830 customer contracts;

(f)    Whether Verizon should be enjoined to restore each BlackBerry 8830s Smartphone by re-activating the built-in GPS feature;

(g)    Whether Verizon should be enjoined tampering with, altering and/or

disabling the GPS on BlackBerry 8830 Smartphones;

(h)     Whether Verizon's representations stating the BlackBerry 8830 Smartphone has built-in GPS are false, misleading and/or likely to deceive or otherwise constitute a violation of New York law;

(i)     Whether Verizon's offering the BlackBerry 8830 as new when it has in fact been altered is false, misleading and/or likely to deceive or otherwise constitutes a violation of New York law;

(j)     Whether Verizon failed to disclose other necessary material facts in order to make its statements not misleading for want of disclosure of such omitted facts;

(k)     Whether prohibiting use of a GPS service other than Verizon's fee-based proprietary GPS service, "VZ Navigator", constitutes a violation of New York law;

(l)     Whether requiring subscription to Verizon's fee-based proprietary GPS software "VZ Navigator", in order to reactivate the built-in GPS on the BlackBerry 8830 Smartphones or restore them to their original condition is a violation of New York law;

(m)     Why and when Verizon began to disable the GPS for the BlackBerry 8830;

(n)     Whether Verizon has improperly failed to notify actual and potential buyers of the true facts;

(o)     Whether the gravity of the harm attributable to Verizon's conduct, as alleged herein, is outweighed by any benefits attributable thereto;

(p)     The amount of revenues and profits Verizon received or saved and/or the amount of monies or other obligations imposed on or lost by Class and Subclass members as a

result of such wrongdoing;

(q)     Whether Defendant violated New York General Business Law § 349 through their deceitful and improper conduct as alleged herein;

(r)     Whether Defendant violated UCC §2-313 through their actions and conduct as alleged herein;

(s)     Whether Defendant violated UCC §2-314 through their actions and conduct as alleged herein

(t)     Whether Defendant's conduct complained of herein constituted negligent misrepresentation, fraud, or deceit;

(u)     Whether Defendant breached their contracts with customers, including the implied covenant of good faith and fair dealing;

(v)     Whether Plaintiffs and Class members suffered damages, and to what extent;

(w)     Whether Defendants were unjustly enriched by their misconduct and violations of law;

(x)     To what extent Defendants were unjustly benefited by and should be held to account for their wrongful conduct; and

(y)     Whether plaintiff and other buyers are entitled to statutory, actual or exemplary damages, rescission or equitable relief and the appropriate measure of such relief.

18.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. As the damages suffered by individual Class members may be relatively small, the expense and burden of

9

individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action. Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole. Notice of pendency of and any resolution of this action can be provided to the Class members by individual mailed notice or best notice practicable under the circumstances. Verizon maintains regular contact with its customers through its electronic messaging system and billing records and can provide them with notice of this action through that mechanism.

## V.

## SUBSTANTIVE ALLEGATIONS

19.    Beginning in early 2007, Verizon promoted the sale of its new BlackBerry 8830 Smartphones on its website and through television, radio and print media. The promotions stated "Coming Soon" BlackBerry 8830 World Edition Smartphone [with] "built-in GPS." GPS is a term readily familiar to consumers. GPS allows one to ascertain their exact location on a map, provides step-by-step travel directions and tracks individual's progress and travels.

20.    Research in Motion Limited ("RIM") manufactures the BlackBerry 8830 Smartphone. At all relevant times, RIM advertised on both its website and in print media the BlackBerry 8830 Smartphone had built-in GPS.

21.    Verizon advertised, promoted and marketed the BlackBerry 8830 Smartphone as

10

new, brand name phone. Such advertising, promotion and marketing conveys to the reasonable

consumer that the BlackBerry 8830 Smartphone is new, unaltered and contains all of the features

and functionality of unaltered BlackBerry 8830 Smartphones. Verizon failed to disclose in its

advertising, marketing and promotion that the BlackBerry 8830 Smartphones it was selling were

altered or that Verizon had specifically tampered with the phone by disabling the GPS.

  22. Verizon concealed and intentionally failed to disclose to the Class members:

   a. that Verizon had disabled the GPS in the BlackBerry 8830 Smartphones;

   b. that only Verizon could restore the phone to its original condition by re-
enabling the GPS;

   c. the specific means for restoring the phone to its original condition by re-
enabling the GPS;

   d. if Verizon restored the phone to its original condition by re-enabling the
GPS, customers could obtain free navigation, mapping, and tracking; and

   e. that Verizon would only restore the phone to its original condition by
enabling the GPS if Class members subscribed to Verizon's fee-based
proprietary software, "VZ Navigator."

Hereinafter, a-e shall be referred to as the "Concealed Facts."

  23. In or about the summer of 2007, Plaintiff was interested in purchasing a new cell

phone and was shopping for new phones and possibly a new service provider. Plaintiff's cellular

phone service provider had been Verizon for a number of years.

  24. Plaintiff was interested in having GPS on his phone to provide him with

directions and was, in fact, shopping for phones that offered built-in GPS. Plaintiff saw print

advertisements of Verizon offering the BlackBerry 8830 Smartphone as a GPS phone. Plaintiff

visited the Verizon website and BlackBerry website, and there he saw additional advertisements for the BlackBerry 8830 Smartphone. The advertisements expressly stated that the BlackBerry 8830 had a built-in GPS and that the phone would soon be available soon at Verizon retail stores. All the advertisements he saw expressly stated or implied the phones for sale were all original brand name BlackBerry 8830.

25.    On or about August 15, 2007, Plaintiff went to his area Verizon store. In reasonable reliance on the advertisements and the representations of Verizon, he purchased the phone for $379.99, with the right to a $50.00 rebate. At the time he purchased the phone, Plaintiff did not know nor did he have reason to suspect that Verizon had tampered with and altered the phone by disabling the GPS.

26.    On the BlackBerry 8830 phone there are two functions listed for the GPS: "locator on" and "911." However, when Plaintiff attempted to activate the 8830's navigation and tracking services, i.e., BlackBerry Maps and Google maps, he was not able to successfully access and utilize those features. Nothing on the phone packaging or product literature accompanying the  with the phone at the time of purchase alerted Plaintiff to the fact that Verizon had tampered with the phone, disabling the 8830's GPS feature so that the phone could not be used to operate any navigation and/or tracking programs such as BlackBerry Maps or Google Maps.

27.    Only well after the date of purchasedid Plaintiff learn that Verizon had tampered with his phone by disabling the GPS prior to him having purchased the phone. Verizon never informed Plaintiff of its conduct. Furthermore, Plaintiff only recently learned that Verizon would not even partially restore his phone to its original condition, i.e., re-enabling the GPS, unless he and other Verizon customers subscribed to Verizon's fee-based proprietary navigation,

mapping and tracking program, "VZ Navigator." Even with a partial restoration, allowing Plaintiff to access the GPS program, the program could be used only with VZ Navigator. Even more so, Verizon's "offer" to only partially restore the BlackBerry 8830 Smartphone in exchange for an additional "fee" is the classic "bait and switch" tactic that has been illegal for years, and is contrary to Verizon's prior representations.

28. During the relevant time period, Verizon disseminated uniformly similar advertisements and promotional literature for the BlackBerry 8830 Smartphones. Verizon uniformly advertised the same offers through a variety of means, such as in person, print and electronic mediums.

29. Verizon has held Class members accountable for continuing obligations that were not legally due and/or retained or collected monies that were not owed due to the false or misleading nature of such representations, and has failed to provide unaltered BlackBerry 8830 Smartphones to customers and/or failed to return the 8830s to their original condition to the detriment and injury of plaintiff and members of the Class and Subclass who lost money or property and/or were injured in fact as a result thereof.

30. As a result of the foregoing, Verizon has systemically engaged in a series of transactions in violation of New York law and other applicable law.

31. Verizon has a duty to disclose the Concealed Facts, *supra*, because, inter alia, (1) Verizon itself considers GPS on the BlackBerry 8830 Smartphone an essential part of the product; (2) the Concealed Facts are material and known to Verizon, but are not accessible to consumers purchasing the phones, (3) Verizon has a duty to disclose the Concealed Facts in order to correct its false and misleading misrepresentations, and reasonable consumers are likely to be deceived in the absence of such disclosures (*e.g.*, that the BlackBerry 8830 Smartphones

being sold are new and/or that phones have built-in GPS); (4) because the concealed facts are integral to a transaction that was intended to affect Plaintiff and the Class, the harm to Plaintiff and the Class was foreseeable, and Verizon's conduct is closely connected to the injuries suffered, and (5) the substantive legal provisions under which Plaintiff brings his claims herein, including without limitation New York GBL § 349, the UCC, and other applicable laws, impose on Verizon a duty not to engage in unfair, fraudulent and deceptive business practices and not to conceal facts the disclosure of which is necessary to avoid violating their provisions.

32.    Plaintiff and the Class members had their rights infringed upon, were injured in fact and/or lost money or property as a result of Verizon's failure to comply with its obligations imposed under the applicable laws referenced herein.

33.    Plaintiff and the Class members have not received a return of the improperly paid or retained monies, or a product that conforms with Verizon's representations, despite demands therefore and are currently owed such amounts or relief, plus any direct or exemplary damages, restitution, interest or other legal or equitable monetary relief required to be paid to them by law.

34.    Verizon's failure to abide by its legal obligations is ongoing and continues to this date.

**FIRST CLAIM**

**Violation of the New York General Business Law § 349**

35.    Plaintiff repeats and reiterates the allegations as set forth above as if set forth fully herein.

36.    Section 349 of the New York's General Business Law states:

Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

14

37.    Defendant's deceptive acts, practices, and the false representations and omissions made by Defendant to Plaintiff and the other Class members concerning Plaintiff and other Class members' purchase of Blackberry 8830 Smartphones with "built-in GPS", were made in the course of their business, trade and services in New York.  Defendant's deceptive acts, practices, misrepresentations and omissions were likely to mislead reasonable consumers acting reasonably under the circumstances.

38.    Defendant's conduct and actions, as described above, constitute deceptive business practices in violation of the GBL.

39.    The damages sustained by Plaintiff and the other Class members were a direct and foreseeable result of, and were proximately caused by Defendant's deceptive business practices.

40.    As a result of Defendant's actions, Plaintiff and the other Class members have been injured and damaged in an amount to be determined at trial.

## SECOND CLAIM

### Breach of Express Warranty Under New York UCC § 2-313

41.    Plaintiff repeats and reiterates the allegations set forth above as though fully set forth herein.

42.    The Express Warranty provision of the UCC, Section 2-313, provides:

(1)    Express warranties by the seller are created as follows:

(a)    Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b)    Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods

15

shall conform to the description.

> (c)    Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

> (2)    It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

43.    Verizon, a "seller" or "merchant", as defined by UCC § 2-104, offered to sell brand new BlackBerry 8830 Smartphones with "built-in GPS", a "good", as defined by UCC § 2-105.    Plaintiff and the other Class members (*i.e.*, buyers) agreed to such offers by paying Verizon and/or its authorized retailers the purchase price for each purchase of brand new BlackBerry 8830s.

44.    In consideration of Verizon's offer to sell brand new BlackBerry 8830 Smartphones, Plaintiff and other Class members paid Verizon and/or its authorized retailers for the purchase of unaltered BlackBerry 8830s.

45.    Verizon breached these contracts by not selling *unaltered* BlackBerry 8830, but rather BlackBerry 8830s that Verizon had, prior to resale, altered so as to disable the "built-in GPS" function, in direct violation of the "express warranty that the goods shall conform to the description."

46.    As a result of Verizon's actions upon which Plaintiff and other Class members reasonably relied, Plaintiff and other Class members suffered damages in connection with its sale of *altered* BlackBerry 8830 Smartphones, all in the millions of dollars.

47.    Plaintiff and other Class members are also entitled to all incidental, consequential

and general damages, as well as other relief, resulting from Verizon's failure to comply with its obligations. Plaintiff and other Class members are entitled to attorneys' fees and reasonable litigation costs as prayed for below.

48.    Verizon's conduct was willful, wanton, and reckless. Based on the intentionally dishonest nature of Verizon's conduct, which was directed at the Class and at the public generally, it should be held liable to the Class for actual damages as well as punitive damages in an amount to be determined at trial.

**THIRD CLAIM**

**Breach of Implied Warranty of Merchantability Under New York UCC § 2-314**

49.    Plaintiff repeats and reiterates the allegations set forth above as though fully set forth herein.

50.    The § 2-314. Implied Warranty: Merchantability; Usage of Trade, states:

(1) Unless excluded or modified (Section 2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as

(a) pass without objection in the trade under the contract description; and

(b) in the case of fungible goods, are of fair average quality within the description; and

(c) are fit for the ordinary purposes for which such goods are used; and

(d) run, within the variations permitted by the agreement,

17

of even kind, quality and quantity within each unit and among all units involved; and

(e) are adequately contained, packaged, and labeled as the agreement may require; and

(f) conform to the promises or affirmations of fact made on the container or label if any.

(3) Unless excluded or modified (Section 2-316) other implied warranties may arise from course of dealing or usage of trade.

51.     Verizon, a "seller" or "merchant", as defined by UCC § 2-104, offered to sell brand new BlackBerry 8830 Smartphones with "built-in GPS", a "good", as defined by UCC § 2-105.

52.     Plaintiff and other Class members are buyers of "consumer goods" within the meaning of UCC §§ 2-104 and 2-105.

53.     An implied warranty that BlackBerry 8830s were merchantable arose by operation of law as part of the sale to Plaintiff and other Class members.

54.     Verizon delivered goods to Plaintiff and other Class members with defects and non-conformities and thereby breached its implied warranty of merchantability. The defects and non-conformities substantially impair the value and functionality of the goods, as follows:

a. The goods do not pass without objection in the trade under the contract description;

b. The goods are not fit for the ordinary purposes for which such goods are used;

c. The goods are not of the same quality as those generally acceptable in the trade;

18

d. The goods were not adequately contained, packaged and labeled as required; and,

e. The goods do not conform to the promises and facts stated on the container and/or label.

55.    As a result of Verizon's breach, Plaintiff and other Class members are entitled to damages in the amount of the purchase price, the cost of repair and/or the difference in value of what was received and what the goods are worth. Plaintiff and other Class members are also entitled to all incidental, consequential and general damages, as well as other relief, resulting from Verizon's failure to comply with its obligations. Plaintiff and other Class members are entitled to attorneys' fees and reasonable litigation costs as prayed for below.

## FOURTH CLAIM

### Common Law Fraud

56.    Plaintiff repeats and reiterates the allegations as set forth above as if set forth fully herein.

57.    The above described conduct and actions constitute common law fraud.

58.    Defendant misrepresented, concealed and omitted material facts to Plaintiff and other Class members.

59.    Defendant had a duty to make accurate and complete statements, and to disclose material facts, to Plaintiff and the other Class members. Defendant was subject to the New York Consumer Protection Act, the New York Uniform Commercial Code, and had contracts which implied a covenant of good faith and fair dealing. Defendant engaged in their false and deceptive scheme, and made false and misleading statements, with full knowledge and/or

reckless disregard that of their falsity.

60.    Defendant intended the Plaintiff and the other Class members to rely upon the above-described misrepresentations, concealment and omissions.

61.    Defendant's misrepresentations, omissions, and concealments were material to Plaintiff and other Class members in deciding to purchase the BlackBerry 8830 through Verizon and/or its registered retailers and in deciding to maintain, or open a new, voice and/or data cellular service agreement with Verizon.

62.    Plaintiff and other Class members justifiably relied upon such misrepresentations, concealments and omissions to their damage and detriment.

63.    The damages sustained by Plaintiff and the other Class members were a direct and foreseeable result of, and were proximately caused by, Defendant's misrepresentations, concealment and omissions.

64.    As a result of Defendant's actions, Plaintiff and the other Class members have been damaged and injured in an amount to be determined at trial.

65.    Defendant's conduct was outrageous, willful and wanton, with a reckless indifference to the rights of others.  Based on the intentionally dishonest nature of Defendant's conduct, which was directed at the Class and at the public generally, Defendant should also be held liable to the Class for punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

### Breach of Contract

66.    Plaintiff repeats and reiterates the allegations set forth above as though fully set forth herein.

20

67.    Plaintiff and the other Class members expressly contracted with Verizon to purchase the BlackBerry 8830 Smartphone with "built-in GPS."

68.    Plaintiffs and the Class members tendered their cash to Verizon in consideration of the aforementioned agreement, with full expectation the BlackBerry 8830 they had purchased would have "built-in GPS" capabilities.

69.    As alleged above, in breach of their express contracts with Plaintiff and the other Class members, Verizon had taken affirmative steps to disable the GPS features that were an inherent featured installed by RIM in every BlackBerry 8830, at time of manufacture.

70.    By selling BlackBerry 8830s that had been stripped of their GPS capability feature to Plaintiff and other Class members without informing Plaintiff and other Class Members of the absence of this prominently advertised feature breached its contracts with Plaintiff and other Class members.

71.    As a direct, foreseeable, and proximate result of Defendant's aforesaid misconduct, Plaintiff and other Class members sustained substantial damages, in an amount to be determined at trial.

72.    Verizon's conduct was conduct was outrageous, willful and wanton, with a reckless indifference to the rights of others.  Based on the intentionally dishonest nature of Verizon's conduct, which was directed at the Class and at the public in general, Defendant should also be held liable to the Class for punitive damages in an amount to be determined at trial.

## SIXTH CLAIM

### Breach of an Implied Covenant of Good Faith and Fair Dealing

73.    Plaintiff repeats and reiterates the allegations set forth above as though fully set forth herein.

74.    Implied in every contract, including the agreement between Verizon and Plaintiff and other Class members, is a covenant of good faith and fair dealing.

75.    Verizon had an obligation to make full and complete representations about known material and hidden defects in the BlackBerry 8830s – specifically that Verizon had altered the BlackBerry 8830s so as to disable the "built-in GPS" feature.

76.    Verizon failure to inform Plaintiff and other Class members that the GPS feature within the BlackBerry 8830 had been disabled breached its contracts with Plaintiff and other Class members, including their implied covenant of good faith and fair dealing.

77.    As a direct, foreseeable, and proximate result of Defendant's aforesaid misconduct, Plaintiff and other Class members sustained substantial damages, in an amount to be determined at trial.

78.    Verizon's conduct was conduct was outrageous, willful and wanton, with a reckless indifference to the rights of others.  Based on the intentionally dishonest nature of Verizon's conduct, which was directed at the Class and at the public in general, Defendant should also be held liable to the Class for punitive damages in an amount to be determined at trial.

## SEVENTH CLAIM

### Unjust Enrichment

2.      Plaintiff repeats and reiterates the allegations as set forth above as if set forth fully herein.

3.      Plaintiff and other Class members entered into contracts with Verizon to purchase BlackBerry 8830 Smartphones.

4.      Throughout the Class Period, the Defendant advertised for sale BlackBerry 8830 Smartphone with "built-in GPS" capability.   However, unbeknownst to Plaintiff and other Class members, Verizon disabled the GPS feature in all BlackBerry 8830s prior to selling them to Plaintiff and other Class members.

5.      Defendants have been unjustly enriched at the expense of and to the detriment of Plaintiff and each member of the Class by collecting through false pretenses.   Specifically, by advertising and selling a product that did not conform with its advertised and stated specifications.

6.      Defendants should be required to disgorge this unjust enrichment.

## EIGHTH CLAIM

### Negligent Misrepresentation

7.      Plaintiff repeats and reiterates the allegations as set forth above as if set forth fully herein.

8.      Defendant made the above-described misrepresentations, concealment and omissions of material facts to Plaintiff and other Class members.

9.      As described above, Defendant owed to Plaintiffs and the other Class members

23

duties of good faith and fair dealing.

10.    Defendant breached their duties to Plaintiff and other Class members.

11.    Defendant was negligent in making the above-described misrepresentations, concealment and omissions of material facts.

12.    Defendant's misrepresentations and omissions were material to Plaintiff's and the other Class members' decisions to purchase one or more BlackBerry 8830 Smartphone from Verizon and/or an authorized retailer.

13.    Plaintiff and other Class members justifiably relied upon such misrepresentations, concealment and omissions, to their damage and detriment.

14.    The damages sustained by Plaintiff and other Class members were a direct and foreseeable result of, and were proximately caused by, Defendant's misrepresentations, concealment and omissions.

15.    As a result of Defendant's actions, Plaintiff and other Class members have been damaged and injured, in an amount to be determined at trial.

**WHEREFORE,** Plaintiffs pray for relief and judgment, as follows:

(a)    Determining that this action is a proper class action, and certifying Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure;

(b)    Awarding compensatory and punitive damages in favor of Plaintiffs and the other Class members against Defendants for all damages sustained as a result of Defendants' wrongdoing, in an amount to be determined at trial, including pre- and post-judgment interest thereon;

(c)    Requiring Defendants to account for and/or pay in damages to Plaintiffs and the

other Class members the amounts by which Defendants benefited due to Defendants' wrongful conduct;

(d)    Deeming monies obtained through the Defendants' fraudulent, unfair, and unconscionable conduct, in breach of their duties, which caused Defendants to be unjustly enriched at the expense of the Plaintiffs and the other Class members, to be held in constructive trust for the Plaintiffs and the Class members;

(e)    A temporary, preliminary and/or permanent order providing for equitable and injunctive relief, including, but not limited to an order of this Court enjoining Verizon from continuing to conduct business via the illegal acts or practices as alleged herein, from refusing to engage in a corrective advertising and information campaign regarding their policies, and imposing an asset freeze or constructive trust over all illegally obtained monies;

(f)    Awarding Plaintiffs and the other Class members their reasonable costs and expenses incurred in this action, including counsel fees and costs, and expert fees and costs; and

(g)    Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
December 5, 2007

SCHOENGOLD SPORN LAITMAN &
LOMETTI, P.C.

Joel P. Laitman (JL-8177)
Jay P. Saltzman (JS-7335)
Daniel B. Rehns (DR-5506)
19 Fulton Street, Suite 406
New York, NY 10038
Tel: (212) 964-0046
Fax: (212) 267-8137

*Counsel for Plaintiff and Proposed Putative Class*